IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GUILLERMO MONTES on behalf of himself individually, AND ALL SIMILARLY SITUATED,** § § § § | | |
| Plaintiffs, § | | |
| § | **CIVIL ACTION** | |
| § | **FILE NO: 4 :16-cv-0006** | |
| v. § | | |
| § | | |
| § | **JURY DEMANDED** | |
| **SKV INVESTMENTS, L.L.C.** § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, PLAINTIFF GUILLERMO MONTES, on behalf of himself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complains of Defendant SKV Investments, L.L.C., (hereinafter referred to as "Defendant") and for cause of action would show the Court as follows:

## I. INTRODUCTION

1. This is a collective action suit to recover minimum wage, unpaid overtime wages, and for retaliation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b) and for failure to pay minimum wage for Plaintiff GUILLERMO MONTES individually, and all others similarly situated, in the course of their employment with the Defendants.

3 GUILLERMO MONTES, and all others similarly situated demand a jury trial on all

issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II. JURISDICTION AND VENUE

5. Plaintiff GUILLERMO MONTES, on behalf of himself individually and the Plaintiff class, brings this action to recover minimum wage, unpaid overtime wages and compensation earned but not paid, by the Defendants, and retaliation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

8. Plaintiff **Guillermo Montes**, is a resident of Houston, Texas.

9. Members of the **"Plaintiff Class"** are current and former employees of Defendant who work, or have worked, at Defendant's apartment complexes in Texas.

10. Defendant **SKV Investments, L.L.C.** may be served with summons by serving its registered agent Ajay Gupta located at 4120 Ruskin, Houston, Texas 77005 at any location where he may be found, or by serving the business located at 6233 Gulfton Street, Houston, Texas 77081.

11. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

15. At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

17. Plaintiff GUILLERMO MONTES, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

18. The class that Plaintiff GUILLERMO MONTES, seeks to represent may be described as follows:

> **All current and former employees of Defendant that worked at any apartment or rental facility location owned or operated by Defendant in Texas during the class period, and claims that he or she either failed to receive all of his or her minimum wage pay in violation of 29 U.S.C.201 et. seq . and seeks payment for such lawfully earned minimum wage pay, or (b) failed to receive all of his or her overtime compensation, in violation of 29 U.S.C. 201 et. seq.**

19. Plaintiff, GUILLERMO MONTES, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff GUILLERMO MONTES,

as required by 29 U.S.C. § 216(b).

20. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

21. Plaintiff GUILLERMO MONTES contends that this action is appropriate for collective action status because Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

22. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Defendant employed Plaintiff GUILLERMO MONTES, from June 1, 2012 until April 5, 2013 at Defendant's apartment complex located at 6233 Gulfton Street, Houston, Texas 77081 and known commonly as the "Westward Square" apartments.

25. During the period of his employment that Plaintiff has worked for Defendant, Plaintiff has worked as a porter.

26. During his employment and in the routine performance of his day-to-day job duties., Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant's management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

27. Specifically, Plaintiff performed maintenance on the apartments by repairing and

painting rental units, performing lawn maintenance, washing concrete, blowing leaves, painting, and cleaning out units for make ready.

28. During the beginning of Plaintiff's employment, Plaintiff was paid a regular hourly rate of $5.00 per hour. Defendant violated the minimum wage provisions of the FLSA by failing to pay Plaintiff and others like him, at least $7.25 per hour.

29. During Plaintiff's employment, while working for Defendant, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

30. Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant's management required it, as a condition of Plaintiff's continued employment.

31. Plaintiff often worked in excess of 40 hours per week during his employment with the Defendant. Plaintiff's regular schedule was Monday through Friday from 7:00 o'clock A.M. until 4:00 o'clock P.M., and on Saturday's from 7:00 o'clock A.M. until 12:00 o'clock P.M.

32. Plaintiff and others like him, were routinely required to work in excess of their weekly schedule, depending upon the necessity of the day's work. Sometimes Plaintiff would work until 7 or 8 o'clock in the evening during the week. Defendant demanded that Plaintiff and others like him perform the extra work as a condition of their employment.

33. On certain weeks, Plaintiff was required to be "on call" and would have to report to repair apartment rental units that had an emergency.

34. During Plaintiff's employment, Plaintiff was never paid for more than $200.00 per week, despite the fact that he worked more than 40 hours per week.

35. Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly"

employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

36. Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

## VI. FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

38. Plaintiff GUILLERMO MONTES, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

39. Plaintiff GUILLERMO MONTES, and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

40. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

41. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

42. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

43. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

44. Defendant has failed to keep or record time records reflecting what hour's employees, such as the Plaintiff and those similarly situated actually worked.

45. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

46. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

47. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

48. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

49. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

50. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

51. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

52. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

53. Other, similarly situated employees are being denied their lawful wages.

54. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time

and one-half) and failure to pay minimum wage to its employees as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members class.

55. Plaintiff GUILLERMO MONTES' experience is typical of the experience of the member's class as it pertains to compensation.

56. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

57. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, or denied minimum wage are similarly situated.

58. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

59. All current and former employees of Defendant's apartment complexes who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

### VIII. SECOND CLAIM FOR RELIEF
**(Failure to compensate for minimum wage)**

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

61. Plaintiff GUILLERMO MONTES, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

62. Defendant violated the minimum wage provisions of the FLSA by paying Plaintiff

and all others similarly situated an amount, which when divided by the total number of hours worked resulted in an hourly pay rate below the statutorily required minimum.

63. The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

64. No lawful exemption excused Defendant from compensating Plaintiff and all others similarly situated for the statutorily required minimum wage.

65. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding minimum wage compensation due to Plaintiff and to all others similarly situated.

66. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

67. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## IX. COLLECTIVE ACTION ALLEGATIONS

68. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

69. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

70. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

71. Other, similarly situated employees are being denied their lawful wages.

72. Accordingly, Defendant's pattern and practice of paying Plaintiff and all others

similarly situated an amount, which when divided by the total number of hours worked resulted in an hourly pay rate below the statutorily required minimum does not depend on the personal circumstances of the members class.

73. Plaintiff GUILLERMO MONTES's, experience is typical of the experience of the member's class as it pertains to compensation.

74. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

75. All employees, regardless of their job requirements or rates of pay, who are denied minimum wage are similarly situated.

76. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. All current and former employees of Defendant's apartment complexes who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied minimum wage compensation in any given workweek are properly included as members of the class.

## X. THIRD CLAIM FOR RELIEF
**(Failure to compensate for work performed "off the clock")**

78. Plaintiff GUILLERMO MONTES, and all others similarly situated is considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

79. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

80. Defendant failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

81. Defendant failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

82. Defendant engaged in wage theft by not compensating Plaintiff and all others similarly situated for work they were required to perform at Defendant's bar as part of their regular job duties by forcing Plaintiff and other similarly situated employees to clock out after the bar closed, but continue to perform work, oftentimes over an hour after Plaintiff had clocked out.

83. Defendant demanded this wage theft as a condition of Plaintiff and all those similarly situated, continued employment.

84. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

85. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek

86. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

87. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

88. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### XI.   COLLECTIVE ACTION ALLEGATIONS

89. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully

written herein.

90. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

91. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

92. Other, similarly situated employees are being denied their lawful wages.

93. Accordingly, Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members class.

94. Plaintiff GUILLERMO MONTES' experience is typical of the experience of the member's class as it pertains to compensation.

95. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

96. All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

97. All employees, regardless of their job requirements or rates of pay, who were the victims of the wage theft scheme engaged in by the Defendant, are similarly situated

98. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

99. All current and former employees of Defendant's apartment complex, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are

properly included as members of the class.

## XII.    ATTORNEY'S FEES

100.    Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

101.    Plaintiff GUILLERMO MONTES, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XIII. JURY DEMAND

102.    Plaintiff GUILLERMO MONTES, on behalf of himself and all other similarly situated, makes a formal demand for a jury trial in this matter.

## XIV.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff GUILLERMO MONTES, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

   a.   Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;
   b.   Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;
   c.   Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiff worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.
   d.   Order Defendant to pay Plaintiff and all others similarly the statutorily required minimum wage.
   e.   Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).
   f.   Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

g. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff GUILLERMO MONTES, and to all other similarly situated employees of the Defendants'

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES, P.L.L.C.**

810 Highway 6 South, Suite 111
Houston, Texas  77079
(832) 230-4125 – Telephone
(832) 230-5130 – Facsimile

By:  /s/ *Joe Williams*
  Joe Williams
  Federal ID. No. 997092
  State Bar No. 24063066

**ATTORNEY FOR PLAINTIFF GUILLERMO MONTES**